UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARY M. SAUNDERS,            )
                             )
            Plaintiff,       )    Case No. 1:08-cv-1136
                             )
v.                           )    Honorable Paul L. Maloney
                             )
COMMISSIONER OF              )
SOCIAL SECURITY,             )
                             )    **REPORT AND RECOMMENDATION**
            Defendant.       )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On August 16, 2004, plaintiff filed her applications for DIB and SSI benefits alleging a November 15, 2002 onset of disability.[1] (A.R. 56-58, 793-95). Her claims were denied on initial review. (A.R. 44-49, 799-803). On March 5, 2007, plaintiff received a hearing before an administrative law judge (ALJ). The ALJ received testimony from three witnesses: (1) plaintiff, (2) Kathleen O'Brien, M.D., a medical expert, and (3) James Breen, a vocational expert. The ALJ also heard the arguments of plaintiff's representative in support of her claims for benefits. (A.R. 854-82). On March 27, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 17-23). On October 29,

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n. 5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, September 2004 is plaintiff's earliest possible entitlement to SSI benefits.

2008, the Appeals Council denied review (A.R. 6-8), and the ALJ's decision became the Commissioner's final decision.

On December 3, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. The three issues raised by plaintiff are as follows:

1. The ALJ and the Appeals Council committed reversible error by failing to give proper weight and consideration to relevant medical evidence;

2. The ALJ committed reversible error by accepting testimony of the vocational expert that was not supported by the record or the *Dictionary of Occupational Titles*; and

3. The ALJ committed reversible error by failing to give proper weight and consideration to the State of Michigan's decisions granting her Medicaid and disability benefits.

(Plf. Brief at 8, docket # 11). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed. I further recommend that plaintiff's alternative request for remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied because she has not carried her statutory burden.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73 (citations omitted). "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of November 15, 2002, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after November 15, 2002. (A.R. 19). The ALJ found that plaintiff had the severe impairments of degenerative disc disease of the lumbosacral and cervical spine and a bipolar disorder. (A.R. 19). She did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 19). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry up to 20 pounds occasionally, 10 pounds frequently, stand/walk about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, push/pull same as lift/carry (see Exhibit 20F)[A.R. 442-49], limited to unskilled work.

(A.R. 20). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 21-22). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because she was capable of performing her past relevant work as a housekeeper and a deli worker. (A.R. 22).[2]

---

[2]"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at

**1.**

The ALJ issued his decision on March 27, 2007. (A.R. 17-23). Plaintiff filed additional materials with the Appeals Council in support of her application for discretionary review. (A.R. 806-53). The Appeals Council denied review. For almost two decades, it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. Plaintiff invites the court to commit error when she asks the court to consider evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

A request for remand appears in the last paragraph of plaintiff's brief. (Plf. Brief at 13). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and

---

this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It can only consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Much of the plaintiff's proffered evidence is not "new" because it was created before the ALJ's decision. (A.R. 806-24). *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357. The following evidence is new:

(1) Plaintiff's letters of April 2, 2007, and April 12, 2007, addressed to her representative (A.R. 825-35);

(2) Plaintiff's letter of April 18, 2008, addressed "To Whom This May Concern" (A.R. 836);

(3) A two-paragraph note from E. William Fowler Jr., D.O., dated November 20, 2007 (A.R. 837);

(4) January 23, 2008 EMG and NCT studies (A.R. 838-39);

(5) A prescription written by Suheb M. Hassan, M.D. (A.R. 840);

(6) January 2008 test results (A.R. 841-850);

(7) A March 10, 2008 "Medical Assessment of Ability to do Work-related Activities (Mental)" signed by Dr. Fowler (A.R. 851-52); and

(8) A one-paragraph statement from Aaron DeFrang, D.O., dated April 22, 2008, stating that in his opinion it was "unlikely that [plaintiff] would be able to tolerate any work." (A.R. 853).

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause). Plaintiff has not addressed, much less carried her burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff ignores the materiality issue.

None of the proffered evidence is material. The new test results do not purport to assess plaintiff's condition on or before March 27, 2007, the date the ALJ entered his decision. Plaintiff's letters expressing her disagreement with the ALJ's decision would not have persuaded the ALJ that she was disabled. If anything, these letters would have reinforced the ALJ's finding that plaintiff's testimony regarding how severely her mental impairments limited her ability to think and concentrate was not fully credible. Dr. Frang's statement is dated more than a year after the ALJ's decision. His opinion on the issue of disability, which is reserved to the Commissioner, would not

be entitled to any particular weight. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e). Dr. Fowler's assessment is dated almost a year after the ALJ's decision. His assessment did not purport to address plaintiff's condition during the period at issue, is not supported by test results, and the doctor left blank all the spaces where he was called upon to identify the medical evidence supporting his opinions. I find that plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's request for a sentence six remand should be denied, because she has not carried her statutory burden. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

**2.**

Plaintiff's argument that the ALJ failed to give "proper weight and consideration to the medical evidence" is patently meritless. The ALJ cannot be faulted for failure to consider evidence that was never presented to him. The scope of the court's review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ's opinion did not discuss an "assessment by her 'treating medical clinic' that she cannot engage in even a full range of sedentary work." (Plf. Brief at 9)(citing A.R. 361-62). This argument suffers from several fatal flaws. First, "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not

considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005); *see Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004); 2004); *accord Van Der Maas v. Commissioner*, 198 F. App'x 521, 526 (6th Cir. 2006). Second, plaintiff has not cited any legal authority establishing a "treating medical clinic rule." Third, assuming *arguendo* that a treating medical clinic rule existed, a "clinic's" opinion regarding a claimant's RFC would not be entitled to any particular weight. RFC is an administrative finding made by the ALJ, not a treating physician or clinic. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician."); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009) ("[O]pinions on some issues, such as whether the claimant is disabled and her residual functional capacity, are not medical opinions but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of the case, *i.e.*, that would direct the determination or decision of disability."). RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Griffith v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). The ALJ's administrative finding that plaintiff retained the RFC for unskilled, light work (A.R. 20-22) is supported by more than substantial evidence.

**3.**

Plaintiff argues that the ALJ committed reversible error by accepting testimony from the vocational expert (VE) that was not supported by the record or the *Dictionary of Occupational Titles* (*DOT*). (Plf. Brief at 10-12). This argument cannot withstand scrutiny.

The VE testified that plaintiff's past relevant work as a housekeeper and deli worker were both light and unskilled jobs:

BY THE ADMINISTRATIVE LAW JUDGE:

Q      Can you tell me based on a review of the file today and the testimony, have you been able to formulate an opinion [regarding] the claimant's past relevant work?

A      Yes, I have.

Q      Can you describe that please?

A      She worked as housekeeping. It's unskilled light. As a deli worker, unskilled light. And retail sales, semi-skilled, light. And retail sales, semi-skilled, light.

ALJ:    Mr. Salazar, any questions for the vocational expert?

ATTY:  No.

ALJ:    I did want to ask the vocational expert one more question. Would you say your testimony is consistent with the *DOT* [*Dictionary of Occupational Titles*]?

VE:     Yes Sir.

(A.R. 880). Plaintiff's representative did not question the VE. He did not call any witness to contradict the VE's testimony that plaintiff's past relevant work was light and unskilled, and that his testimony was consistent with the *DOT*.

Plaintiff argues that the VE's testimony is "unsupported by the record" because she stated that her work as a housekeeper involved lifting as much as 50 pounds, and that her job as a deli worker involved 7½ hours of standing in an 8-hour workday. (A.R. 88, 89). (Plf. Brief at 10). This argument does not provide a basis for disturbing the Commissioner's decision. It was plaintiff's burden at Step 4 of the sequential analysis to prove that (1) she was unable to perform the functional demands and duties of a past relevant job as plaintiff actually performed it, and (2) she

was unable to perform the functional demands and job duties of her occupation *as generally required by employers throughout the national economy*. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that she is unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed."); *accord Jordan v. Commissioner*, 548 F.3d 417, 422-23 (6th Cir. 2008). A claimant will be found to be "not disabled" when it is determined that she retains the RFC to perform: (1) "[t]he actual functional demands and job duties of a particular past relevant job;" or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Titles II and XVI: The Particular Job or the Occupation as Generally Performed*, SSR 82-61 (reprinted in 1982 WL 31387, at * 2 (SSA 1982)). The two tests set forth in SSR 82-61 are clearly disjunctive. *See Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004); *Barnett v. Barnhart*, 362 F.3d 1020, 1023 n.3 (8th Cir. 2004); *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995). Thus, assuming *arguendo* that the ALJ had accepted plaintiff's statements that she performed work as a housekeeper and deli worker at higher exertional levels, the VE's testimony that these two occupations are generally performed in the national economy as light work remains unrebutted. The VE's testimony provides substantial evidence supporting the ALJ's decision.

Plaintiff argues that the VE's testimony was not supported by the *Dictionary of Occupational Titles*. The *DOT* is a reference source available to vocational experts, but it is certainly not the only one. *See Baranich v. Barnhart*, 128 F. App'x 481, 486 n. 3 (6th Cir. 2005); *see also* 20 C.F.R. §§ 404.1560(b)(2), .1566(d), .1567, 416.960(b)(2), .966(d), .967; *accord Cunningham v. Astrue*, No. 08-3848, 2010 WL 22286, at * 9-10 (6th Cir. Jan. 5, 2010). The *DOT* is somewhat

limited in that it classifies jobs in terms of skill and exertional (strength) demands. It does not address non-exertional limitations. *See Baranich*, 128 F. App'x at 485; *see also* 20 C.F.R. §§ 404.1569, .1569a, 416.969, .969a.³ "[N]either the ALJ nor the VE is required to follow the *DOT*." *Beinlich v. Commissioner*, 345 F. App'x 163, 168 (th Cir. 2009) (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)). In *Wright v. Massanari*, the Sixth Circuit held that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." 321 F.3d at 616.

The ALJ complied with SSR 00-4p when he asked the VE whether his testimony was consistent with the *DOT*. (A.R. 880). *See Lindsley v. Commissioner*, 560 F.3d 601, 606 (6th Cir. 2009) (holding that the ALJ fulfilled his duties when he asked the VE whether there was any "discrepancy between your opinions and the *DOT* standards," even if the VE did not disclose a conflict). The Sixth Circuit's *Lindsley* decision clearly establishes that the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry specified by SSR 00-4p. *Id.* It was plaintiff's representative's job to cross-examine the VE and bring out any perceived conflicts with the *DOT*, if any there were. *See Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. Dec. 19, 2008).

Plaintiff's representative did not bring to the ALJ's attention any alleged conflict between the VE's testimony and the *DOT*, nor did he provide the ALJ with the evidence and argument regarding the alternative job definitions that plaintiff now claims better describe her past

---

³The ALJ was not bound to accept hearing testimony of any witness, including the VE. *See Banks v. Massanari*, 258 F.3d 820, 827-28 (8th Cir. 2001).

relevant work. (Plf. Brief at 11 and attached Exs. 1 and 2). The Sixth Circuit has rejected this type of "sandbagging" as inappropriate, and has held that it does not undermine the substantial evidence provided by the VE's testimony:

> Despite these strident arguments on appeal challenging the vocational expert's testimony, Ledford did not bring to the attention of the administrative law judge the alleged conflict between the oral testimony and the job descriptions in the *Dictionary of Occupational Titles*. As we recently explained in the unpublished opinion in *Martin v. Commissioner of Social Security*, 170 Fed.Appx. 369, 374-75 (6th Cir. 2006), nothing in applicable Social Security regulations requires the administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge.
>
> Furthermore, neither the testimony of a vocational expert nor the occupational descriptions in the *Dictionary of Occupational Titles* necessarily trumps the other. In fact, as this court stated in *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir.2003):
>
>> The implication of [the claimant's] argument is that the Commissioner should be bound by the Dictionary's characterization of these occupations. But this court has previously ruled to the contrary. In *Conn v. Secretary of Health & Human Services*, 51 F.3d 607, 610 (6th Cir. 1995), the court held that the [administrative law judge] and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications.

*Ledford v. Astrue*, 311 F. App'x 746, 757(6th Cir. 2008). I find no error.

**4.**

Plaintiff argues that the ALJ committed reversible error because he failed to give "proper weight or consideration" under SSR 06-03p to Michigan's decisions granting her Medicaid and disability benefits. (Plf. Brief at 12-13). This argument does not provide a basis for disturbing the Commissioner's decision.

The issue of whether a claimant is disabled is reserved to the Commissioner, and determinations made by the State are not entitled to any particular weight:

[a] decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that you are disabled or blind is not binding on us.

20 C.F.R. §§ 404.1504, 416.904; *see Gaskin v. Commissioner*, 280 F. App'x 472, 477 (6th Cir. 2008); *Turcus v. Commissioner*, 110 F. App'x 630, 632 (6th Cir. 2004). SSR 06-03p provides that the State disability decisions cannot be ignored and must be considered:

>The regulations at 20 CFR 404.1504 and 416.904 provide that:
>
>[a] decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that you are disabled or blind is not binding on us.
>
>Under sections 221 and 1633 of the Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 4 04.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency *cannot be ignored and must be considered*.
>
>These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."
>
>Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another

agency. However, the adjudicator *should* explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

*Titles II and XVI: Considering Opinions & Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencies* (SSR 06-03p August 9, 2006)(reprinted at 2006 WL 2329939, at * 6-7)(emphasis added). The ALJ did not ignore the State's decisions. He considered them (A.R. 20), which is all that SSR 06-03p requires.

The ALJ did not provide any explanation beyond stating that he had considered the disability determinations made by other sources. SSR 06-03p states that the ALJ "should" explain his consideration of other agency decisions. 2006 WL 2329939, at * 7. If the Social Security Administration had intended to require explanations, it would have selected mandatory language rather than using the term "should." Assuming *arguendo* that the ALJ committed error by not providing the explanation SSR 06-03p recommends, it was harmless error. The administrative record shows that the former Michigan Family Independence Agency (A.R. 484-84, 468-69), now known as the Michigan Department of Human Services (A.R. 453-54), concluded that plaintiff was eligible to receive state disability assistance (SDA) and Medicaid, also known as Medical Assistance (MA). The State's bare conclusions are of extremely limited utility. The State's review process does not appear to include a hearing where sworn testimony is received and later transcribed, nor does it result in any written opinion identifying the medical records the State considered and those specific records supporting the State's conclusion that the plaintiff was entitled to MA and/or SDA benefits. The duration requirement for SDA is only "90 days" (A.R. 453, 468, 483), roughly one-quarter of the time necessary to be considered disabled under the Social Security Act. *See* 20 C.F.R. §

404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."); *see also* 20 C.F.R. § 416.909. Section II of Michigan's Medical-Social Eligibility Certification Form suggests that the higher standards of the Social Security Act should be applied to MA claims (A.R. 453, 468, 483), but the absence of a written opinion and a defined State record make it virtually impossible for a reviewing ALJ to discern whether the federal standards under the Social Security Act and related regulations were actually applied. Here, the ALJ was presented with bare conclusions. Further, even if the State's process had generated a written opinion, where federal standards were applied and the decision was supported by specific medical records, that opinion would not have been entitled to any particular weight. Federal law entitles the ALJ to make his own evaluation of credibility of the claimant's testimony and whether the evidence in the administrative record establishes that plaintiff is disabled and entitled to receive SSI and DIB benefits. The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). I find that plaintiff's arguments based on SSR 06-03p do not provide grounds for disturbing the Commissioner's decision.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed. I further recommend that plaintiff's alternative request for remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied because she has not carried her statutory burden.


Dated: March 3, 2010          /s/ Joseph G. Scoville
                              United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).