UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                                         |   |                              |
|-----------------------------------------|---|------------------------------|
| MARY M. SAUNDERS,                       |   | Case No. 1:08-cv-1136        |
| Plaintiff,                              |   | HONORABLE PAUL L. MALONEY    |
| v.                                      |   |                              |
| COMMISSIONER OF SOCIAL SECURITY,        |   |                              |
| Defendant,                              |   |                              |

**ORDER**

**Adopting the R&R without Objection;
Affirming the Commissioner's Denial of Social Security Disability Benefits;
Denying the Plaintiff's Request for Remand under Sentence Six of 42 U.S.C. § 405(g);
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Wednesday, March 3, 2010. Because plaintiff's counsel registered to participate in the court's Electronic Filing System ("ECF"), she was deemed served with the R&R that same day, upon receipt of the Notice of Electronic Filing ("NEF") advising that the R&R had been filed and was available to view, print and/or download. *See Reed v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3270481, *1 n.1 (W.D. Mich. Oct. 5, 2009) (Maloney, C.J.) (citing *Love v. SSA*, 605 F. Supp.2d 893, 895 (W.D. Mich. 2009) (citing W.D. MICH. LCIVR 5.7(d)(i)(II)); *Malik v. AT&T*

*Mobility, LLC*, 2009 WL 198710, *6 (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (applying rule to find counsel was served with summary-judgment motion on same date that the adversary e-filed it).

"Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended effective December 1, 2009 to simplify the calculation of time periods." *Esch v. SSA*, 2010 WL432265, *1 n.1 (W.D. Mich. Jan. 25, 2010) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608). After being served with the R&R, the plaintiff had fourteen days to object, *see Holwerda v. Warner Law Firm*, 2010 WL 707361, *1 (W.D. Mich. Feb. 22, 2010) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(a), W.D. MICH. LCIVR 72.3(b)), including weekends and holidays, FED. R. CIV. P. 6(a)(1)(B). In computing any period of time specified by the Federal Rules of Civil Procedure, a statute, a court order, or our local rules, the court excludes the day of the act or event from which any time period begins to run, *see* FED. R. CIV. P. 6(a)(1)(A) and *Southall v. Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (citing FED. R. CIV. P. 6(a)).

Accordingly, the objection period began on Thursday, March 4, 2010 and ended at midnight on Wednesday, March 17, 2010, *see Valdes v. SSA*, 2010 WL 911181, *1 (W.D. Mich. Mar. 12, 2010) (citing FED. R. CIV. P. 6(a)(4)(A)). That deadline has passed, and the court need not wait further for an objection from the plaintiff.

> As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),
>
> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL

2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[1] For the reasons

---

[1]

As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

3

explained by the R&R, Saunders' severe impairments – degenerative disc disease of the lumbosacral and cervical spine, and bipolar disorder – did not render her disabled between her alleged disability onset date (November 15, 2002) and the ALJ's decision (March 27, 2007). *See* R&R at 4.

**First, the Magistrate did not err in concluding that Saunders' request for a 42 U.S.C. § 405(g) sentence-six remand must be denied**, because much of the evidence she seeks to introduce is not "new", and even the evidence which is new is not shown to be "material." R&R at 5-8; *see also Edwards v. SSA*, 654 F. Supp.2d 692, 702 (W.D. Mich. 2009) (Maloney, C.J.) ("[N]ew evidence is not 'material' unless there is a 'reasonable probability' that the ALJ would have reached a different disposition of the claim if he had been presented with the new evidence.") (citing *Hollon v. SSA*, 447 F.3d 477, 484 (6th Cir. 2006) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001))).

**Second, the Magistrate correctly concluded that substantial evidence supported the ALJ's determination that Saunders had the RFC to perform unskilled light work**, notwithstanding the opinion proffered by her supposed "treating clinic" that she could not engage even in a full range of *sedentary* work. As the Magistrate noted, R&R at 8-9, Saunders presents no authority for the notion that a treating *clinic*'s opinion is entitled to presumptive deference, rather

---

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas*, 474 U.S. at 150). *Accord Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (David Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Gregory Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .") (citation & quote marks omitted).

than a particular medical professional whose contacts and familiarity with the claimant renders him a treating physician. *See generally Blakley v. SSA*, 581 F.3d 399, 407 (6th Cir. 2009) (McKeague, joined by Clay) (quoting 20 C.F.R. § 1502 for standard determining whether a particular medical professional qualifies as a treating source); *Pethers v. SSA*, 580 F,. Supp.2d 572, 579 n.16 (W.D. Mich. 2008) (discussing 20 C.F.R. § 1502's definition of treating source and setting forth "rules of thumb" for determining whether a physician qualifies as a treating source) (citing, *inter alia*, *Kornecky v. SSA*, 167 F. App'x 496, 506 (6th Cir. 2006) (per curiam) (Siler, Griffin, D.J. Katz)). *Contrast Bieschke v. SSA*, 2009 WL 735077, *1 n.1 (W.D. Mich. Mar. 12, 2009) (Maloney, C.J.) ("[T]he court finds that the number and frequency of Bieschke's visits to him, the nature and extent of their medical relationship, and his consequent familiarity with Bieschke's medical history and experiences, qualify Dr. Kornoelje as a treating physician.") (citations omitted) *with Boucher v. Apfel*, No. 99-1906, 238 F.3d 419, 2000 WL 1769520, *9 (6th Cir. Nov. 15, 2000) (Gilman, joined by Merritt) ("[D]espite the fact that Dr. Reina examined Boucher on three occasions, Dr. Reina did not have an ongoing treatment relationship with him and was therefore not a treating source.").

In any event, even if there were a "treating clinic" rule, or if *the particular physician(s)* at that clinic who rendered or contributed to the RFC opinion were shown to qualify as a treating source/sources, the determination of a claimant's RFC (or her ultimate legal disability or lack thereof) is not a medical opinion on which physicians are entitled to deference, but rather an administrative determination reserved for the Commissioner alone. In addition to the authorities cited by R&R at 9, *see also Obeshaw v. SSA*, 2010 WL 955613, *2 (W.D. Mich. Mar. 15, 2010) (Bell, J.) ("'[N]o special significance' is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, *RFC*, or whether the plaintiff's impairments meet

5

or equal the requirement of a listed impairment because they are administrative issues reserved to the Commissioner.") (emphasis added) (citing, *inter alia*, 20 C.F.R. § 404.1527(e) and *Allen v. SSA*, 561 F.3d 646, 652 (6th Cir. 2009)).

**Third, the Magistrate correctly concluded that the ALJ did not err in accepting testimony by the vocational expert which was, Saunders contends, inconsistent with the Dictionary of Occupational Titles ("DOT")**. *See* R&R at 11-12. "[T]he DOT is not the only source of admissible information regarding jobs," *Strong v. SSA*, 88 F. App'x 841, 846-47 (6th Cir. 2004) (Gibbons, Sutton, D.J. Tarnow) (citing 20 C.F.R. §§ 404.1566(d) and (e)), and it is necessarily incomplete for SSA disability purposes because it considers only exertional limitations, not non-exertional limitations. *See, e.g., Abdus-Sabur v. SSA*, 2009 WL 5178439, *9 (E.D.N.Y. Dec. 31, 2009) ("The DOT classifies toll collection as requiring 'light work' . . . , which is consistent with plaintiff's exertional capabilities. Nevertheless, *the DOT's characterization fails to account for Plaintiff's nonexertional impairment of severe peripheral vision loss*. [T]he DOT is silent as to whether toll collection necessitates a broad field of vision, acute vision, or near or far visual acuity.") (emphasis added).

Therefore, "[a]n ALJ is not bound by the job classifications in the DOT and 'may accept testimony of a vocational expert that is different from information in the'" DOT. *Pena v. SSA*, 2008 WL 3200253, *5 (N.D. Ohio Aug. 4, 2008) (James Carr, C.J.) (quoting *Conn v. HHS*, 51 F.3d 607, 610 (6th Cir. 1995)). *See, e.g., Dunlap v. Barnhart*, 2004 WL 784837, *14 (W.D. Tenn. Mar. 15, 2004) (Vescovo, M.J.) ("Dunlap asserts that ALJ committed reversible error by failing to reconcile an inconsistency between his RFC assessment and the RFC for a loan officer as listed in the . . . DOT

6

. . . . [T]he [VE] characterized Dunlap's loan officer position as one requiring light physical exertion. * * * [T]he DOT only lists the maximum requirements of occupations as they are generally performed and not as they are performed in specific situations. [T]he VE took into account Dunlap's testimony that her loan officer position as performed included tasks requiring both sedentary and light levels of physical exertion. Therefore, the [VE]'s characterization was more specific and precise than that of the DOT. Accordingly, the ALJ had no duty to resolve a conflict between the [VE] opinion [and the DOT], and substantial evidence supports his determination.").[2]

Moreover, as the Magistrate notes, R&R at 12-13, Saunders' counsel had the opportunity and the duty to cross-examine the VE and call the ALJ's attention to any discrepancies between the VE's testimony and the DOT, and he failed to do so. Under SSR 00-4p, the ALJ was obligated only to ask the VE whether his testimony was consistent with the DOT, and he did so, eliciting the VE's response that his testimony *was* indeed consistent with the DOT. *See, e.g., Davidson v. Astrue*, 2009 WL 3161358, *3 (E.D. Ky. Sept. 28, 2009) (David Bunning, J.) ("Consistent with SSR 00-4p, the ALJ asked the [VE] whether his testimony was consistent with the DOT. The [VE] testified that it

---

[2]

*Accord Hernandez v. Apfel*, 4 F. App'x 351, 352 (9th Cir. 2001) (D.W. Nelson, O'Scannlain, Kleinfeld) ("the ALJ may rely on expert testimony that contradicts job descriptions in the DOT if the record contains persuasive evidence to support the deviation. [T]estimony describing jobs available in the local rather than the national market constitutes persuasive evidence supporting a deviation from the DOT.") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995));

*Adams v. Astrue*, 2009 WL 774845, *7 (W.D. La. Mar. 24, 2009) (Robert James, J.) ("Plaintiff contends that the ALJ erred because he did not fulfill his obligation to obtain an explanation from the VE for the discrepancy between her testimony and the DOT. However, the VE attributed the divergence to the fact that the DOT does not address nonexertional limitations or limitations such as the need for multiple breaks and a sit/stand option. According to Social Security Ruling 00-4p, information provided by a VE that is not included in the DOT is a reasonable explanation for a conflict with the DOT.") (internal citation omitted).

was. Davidson, however, did not bring to the attention of the ALJ the alleged conflict between the [VE]'s oral testimony and the job descriptions in the DOT. 'Nothing in the applicable Social Security regulations requires the [ALJ] to conduct his or her own investigation into the testimony of a [VE] to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the [ALJ].'") (citing *Ledford*, 311 F. App'x at 757); *Coffel v. Astrue*, 2009 WL 2043876, *7 (E.D. Tenn. July 9, 2009) (Harry Mattice Jr., J.) (citing *Lembke v. Barnhart*, 2006 WL 3834104, *15 (W.D. Wis. Dec. 6, 2006) (where the ALJ asked the VE if his testimony was consistent with the DOT, the VE responded it was, and the plaintiff's attorney did not cross-examine the VE with respect to such issue, plaintiff is not entitled to reversal and remand on the ground the ALJ did not comply with SSR 00-4p, particularly if the plaintiff does not identify a potential conflict until after the hearing).[3]

**Fourth and finally, the Magistrate correctly concludes that the ALJ did not err in allegedly failing to give "proper weight or consideration" under SSR 06-03p to the State of Michigan's decisions granting her Medicaid and disability benefits.** *See* R&R at 13-14. The regulations expressly state that "'[a] determination made by another agency that you are disabled or

---

[3]

*Accord Lind v. Astrue*, 530 F. Supp.2d 456, 464 n.4 (W.D.N.Y. 2008) (David Larimer, J.) ("'The ruling [SSR 00-4p] requires an explanation only if the discrepancy was identified[,] that is, only if the claimant (or the ALJ on his behalf) noticed the conflict and asked for substantiation. Raising a discrepancy only after the hearing . . . is too late.'") (quoting *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002)) (other citation and internal quotation marks omitted).

*Contrast Parrish v. Apfel*, No. 99-1337, 242 F.3d 390, 2000 WL 1694070, *1 (10th Cir. Nov. 13, 2000) (Baldock, McKay, Briscoe) (vacating and remanding solely because the ALJ failed to ask the VE whether his testimony was consistent with the Dictionary of Occupational Titles).

blind is not binding on us.'" *Williamson v. Apfel*, No. 97-4194, 166 F.3d 1216, 1998 WL 833779, * (6th Cir. Nov. 19, 1998) (Suhrheinrich, Clay, D.J. Rosen) (quoting 20 C.F.R. § 404.1504). *Se, e.g., Jarboe v. Astrue*, 2010 WL 567385, *5 (E.D. Ky. Feb. 12, 2010) (Amul Thapar, J.) ("Jarboe's status as a workers compensation recipient has no bearing on the Commissioner's decision, or on this court's review of that decision.") (citing *Gaskin*, 280 F. App'x at 477 (quoting *Hampton v. HHS*, No. 91-6468, 972 F.2d 347, 1992 WL 188112, *1 (6th Cir. Aug. 6, 1992) (per curiam) (Nelson, Norris, Suhrheinrich) (citing *Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1990))); *Cantrell v. Astrue*, 2008 WL 2514086, *2 (E.D. Tenn. June 19, 2008) (Leon Jordan, J.) (although U.S. Department of Veterans Affairs had found claimant to be "100% permanently and totally disabled . . . due to service-connected malignancy", "[t]he Commissioner must nonetheless separately decide the question of disability under Social Security law . . . .") (citing 20 C.F.R. § 404.1504).

**ORDER**

Accordingly, the R&R [document # 14] is **ADOPTED**.

The Commissioner's denial of disability insurance benefits (DIB) and supplemental security income (SSI) benefits is **AFFIRMED**.

The plaintiff's request for a remand pursuant to 42 U.S.C. § 405(g) is **DENIED**.

The complaint is **DISMISSED.**

This case is **TERMINATED** and **CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

**This order is final, but it is not appealable.** *See Southall v. City of Grand Rapids*, 2008

WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) (citing *Thomas* and *Walters*).[4]

**IT IS SO ORDERED this 22nd day of March 2010**.

          /s/ Paul L. Maloney
          Paul L. Maloney
          Chief United States District Judge

---

[4] *See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) (Gilman, Gibbons, Griffin) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the . . . [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal . . . ."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings . . . and, as a result, has waived any challenge to the district court's denial of his motion to suppress . . . .").